## MATTER OF KELLY.

*Costs — upon unsuccessful motion to disbar attorney — specification of amount — mode of enforcing collection.*

An attorney, with improper motives, moved at the general term to strike the name of another attorney from the roll. The motion was denied, and the court ordered the costs and disbursements, without specifying the amount, to be paid by the attorney making the motion. The costs, etc., were taxed at $115.30, such attorney having notice of and attending at the taxation. After a demand and-refusal to pay such costs, a precept was issued directing the sheriff to arrest and commit the attorney until the same were paid. *Held,* (1) (following *People* v. *Nevins,* 1 Hill, 154) that the order for, and adjustment of, costs were to be read together and were a sufficient specification of the amount to be paid, and (2) that the manner of enforcing the collection of such costs was proper. The provisions of 2 R. S. 535, § 4, in relation to such costs is not affected by Laws 1847, chap. 390.

APPEAL by Henry H. Morange from an order at special term, denying a motion to set aside a precept granted for the collection of costs, ordered by the general term to be paid by the said Morange, an attorney of this court. The facts sufficiently appear in the opinion.

*H. H. Morange,* appellant, in person.

*William F. Macrae* and *Wm. Henry Arnoux,* for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. The appellant, Henry H. Morange, an attorney and counselor of this court, made a motion at the last October term of this court, to strike Richard B. Kelly, another attorney and counselor, from the roll. The motion was founded upon affidavits and an order to show cause, and was met by opposing affidavits. Mr. Morange was heard fully in favor of his motion, but it satisfactorily appearing to the court, that the conduct of Mr. Kelly, in the matter mentioned in the affidavits, had been strictly honorable and in entire good faith, the court declined to hear counsel on Mr. Kelly's behalf, and denied the motion, with $10 costs of opposing same, and disbursements; and, it appearing to the court that the proceedings had been prosecuted, by Mr. Morange, with improper motives, the court ordered that the costs and disbursements be paid by him personally. The costs and disbursements were afterward duly taxed by the court at $115.30, upon due notice to Mr. Morange, and the appearance by him on such taxation; a copy of the taxed bill was served and payment demanded and refused. Thereupon application was made, and granted on the 17th day of November, 1874, at special term, that a precept issue to the sheriff, commanding him to take the body of said Morange, and commit him to the county jail and keep and detain him in custody, until he should pay the said sum of $115.30 and $10 costs of application.

Precept was accordingly issued, and Morange was taken into custody thereon. He then moved, at special term, on affidavit to vacate and set aside the precept, which motion was denied with costs, and from the order denying the same this appeal is taken.

The only questions made here are as to the regularity of the mode adopted to enforce payment of the costs ; and the alleged informality of the order of the general term in not specifying the amount of costs and disbursements to be paid. We think the second of these points is disposed of by *People* v. *Nevins,* 1 Hill, 154, which substantially holds that the order and the adjustment of the costs are to be read together, and are a sufficient specification of the sum ordered to be paid. In this case, the taxation was

made by the court at the sum named in the precept, and Morange not only allowed such taxation on notice, but was served with a copy of the taxed bill.

It is provided by the Revised Statutes that " When any rule or order of a court shall have been made for the payment of costs or any other sum of money, and proof, by affidavit, shall be made of the personal demand of such sum of money and of a refusal to pay it, the court may issue a precept to commit the person so disobeying to prison until such ·sum and the costs and expenses of the proceeding be paid." 2 R. S. 535, § 4.

This provision was materially modified by chapter 390 of the Laws of 1847, which declares that " no person shall be imprisoned for the non-payment of· interlocutory ·costs or for contempt of court in not paying costs, except attorneys, solicitors and counselors and officers of court when ordered to pay costs for misconduct as such."

The exception, we think, leaves the Revised Statutes in full force in the excepted cases.

Mr. Morange, as an attorney of the court, instituted proceedings against a brother lawyer for his removal from the bar in a case where it appeared to the court that there were no grounds whatever for such proceedings, and, as recited by the order of the court, it still further appeared that the proceedings had been prosecuted with improper motives. It is not necessary, and perhaps not proper, to set out here the facts upon which the court so adjudged. That order is not under review, and for the purposes of this motion was conclusive on the special term. To institute such a proceeding without grounds and to prosecute the same with improper motives is misconduct in an attorney, for which the court may visit him with the costs of the injured party. The court, for that reason, specially assigned in the order, did impose on Mr. Morange the costs and disbursements to be paid by him personally.

We think the mode pursued for the collection of such costs is allowed by statute and that the party entitled to them is not limited to the precept in the nature of an execution against personal property provided for by the act of 1847.

The order of the special term should be affirmed, with $10 costs of this appeal, besides disbursements.

*Order affirmed.*